Brown *v.* Harris.

———— •○• ————

CHESTER BROWN, adm'r, &c. of Saloma Harris, deceased, *vs.* JOSEPH HARRIS and ASA CRITTENDEN.

Trusts in respect to personal property are now allowable, the same as before the revised statutes; no prohibition or restriction being imposed upon them by statute, except as to the limitation of future contingent interests therein.

Where the plaintiff's intestate assigned a bond and mortgage to C., "in trust to apply the avails thereof to the necessary support and maintenance of S. H., during her natural life;" *Held* that the trust was valid, and the entire legal interest in the bond and mortgage passed to the assignee, for the purpose of the trust; and that he was entitled to collect and receive payment as the moneys became due, and was bound to retain the fund during the life of the *cestui que trust,* except so far as it might be required for her support.

*Held, also,* that the *cestui que trust* could not, as such, assign the whole fund; her power of disposition being limited to her beneficial interest therein, and the amount of that depended upon what should be needed for her support and maintenance.

*Held further*, that the assignor retained an equitable title to the fund, beyond what should be required for the support of the *cestui que trust;* and if the fund should not be exhausted in the support of the latter during her life, that the balance remaining would belong to, and be disposed of as part of the estate of the assignor, on her decease.

But that her next of kin would take subject to the trust, and to the legal title of the trustee to the fund for the purpose of the trust, until it should be performed or otherwise discharged.

APPEAL, by the defendants, from a judgment entered at a special term. The plaintiff's intestate, Saloma Harris, on the 6th of May, 1850, assigned a bond and mortgage, executed by the defendant Harris, to the defendant Crittenden, "in trust to apply the avails thereof to the necessary support and maintenance of her mother, Sarah Harris, during her natural life." She died on the 8th of same month. The defendant Crittenden took the bond and mortgage and entered upon the administration of the trust, and at different times paid to said Sarah Harris portions of the income or interest of said bond and mortgage, taking her receipt therefor. The plaintiff, as administrator, claimed that the assignment in trust was void, by reason of the incapacity of his intestate, and on the 11th Dec. 1851, notified the defendant Harris that he had been appointed administrator and forbade him paying the bond and mortgage to any other person than himself. The defendant Harris paid the interest regularly as it became payable, and on the 20th of April, 1854, the day when the whole was due, paid the bond and mortgage in full, and received a discharge of the mortgage from the defendant Crittenden, as trustee, on the 24th of said April, and the same was duly recorded on the 24th of the May following. On the 15th of June, 1854, the plaintiff procured from Sarah Harris, for the nominal consideration of one dollar, an assignment of all her right, title, interest and claim of, in, and to the bond and mortgage in question, and to all moneys which might then have been received thereon by the defendant Crittenden. The cause was tried before Justice BALCOM, at special term, April, 1856, and judgment rendered for the plaintiff.

*H. A. Dowe,* for the appellants.

*D. Wright,* for the respondent.

*By the Court,* T. R. STRONG, J.   The assignment by Saloma Harris to the defendant Crittenden, of the bond and mortgage in question, is in terms absolute, of all the right, title and interest of the assignor, with a provision that the avails of the mortgage are to be applied to the necessary support and maintenance of Sarah Harris, during her natural life.   It is not claimed, on the part of the defendants, that any beneficial interest in the bond and mortgage passed to the assignee by the assignment; but it is conceded that the assignment was to him merely as trustee for the benefit of Sarah Harris.

It is insisted by the plaintiff's counsel, that the assignment, being for the sole benefit of Sarah Harris, vested the absolute ownership in the bond and mortgage in Sarah; and if not, that the assignment was void, as no such trust could be vested, and the ownership passed to the plaintiff as administrator, under the assignment of Sarah Harris to him; relying, in support of these positions, upon the provisions of the revised statutes relating to trusts.   (1 *R. S.* 728.)   It is sufficient, in reference to this part of the case, to say that those provisions, except as to the *limitation* of *future* or *contingent* interests, relate to real estate only, and are therefore wholly inapplicable to the present case.   Trusts in respect to personal property are now allowable, as before those statutes, no prohibition or restriction being imposed upon them by statute, except as aforesaid. (1 *R. S.* 773, § 2.   *Kane* v. *Gott,* 24 *Wend.* 641.   *Depeyster* v. *Clendining,* 8 *Paige,* 295.   *Gott* v. *Cook,* 7 *id.* 521.)

The trust in the present case being valid, the entire legal interest in the bond and mortgage passed to the assignee, for the purpose of the trust, and he was entitled to collect and receive payment as the moneys became due.

The terms of the trust, as already stated, are to apply the avails for the necessary support and maintenance of Sarah during her life.   This means, as I understand the language, that

Brown *v.* Harris.

the avails, so far as they shall be necessary for her support and maintenance, shall be applied thereto. The beneficial interest of Sarah does not necessarily embrace the whole fund; it extends only to what shall from time to time be necessary for the purpose specified. The assignor retained an equitable title to the fund, beyond what should be required for that purpose, and if the fund should not be exhausted in the necessary support and maintenance of the *cestui que trust,* during her life, the balance remaining would belong to and be disposed of as part of the estate of the assignor, she having deceased. It follows, that Sarah, the *cestui que trust,* could not, as such, assign the whole fund, as she has assumed to do; her power of disposition was limited to her interest, depending upon what should be needed for her support. The trustee must retain the fund for her life, except so far as it may be required for that object.

It is not alleged in the complaint, nor is there any proof that it has become necessary to use any portion of the funds for the support of Sarah, which the defendant has refused or neglected to pay over.

The action cannot be sustained in respect to the interest of the plaintiff as one of the next of kin of Saloma Harris, in the residuary interest of Saloma in the bond and mortgage. The next of kin take subject to the trust, and to the legal title of the trustees to the fund for the purpose of the trust, until it shall be performed or otherwise discharged.

There is not, in my opinion, any ground furnished by the proofs upon which this action can be supported.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

[MONROE GENERAL TERM, September 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]