CATHARINE W. COOKE, Appellant, *v.* THOMAS C. PLATT et al., Individually and as Executors, etc., Respondents.

The will of P., by its terms, gave all his estate to his executors, with power to receive the rents and profits, and to sell and convey the same, in their discretion, upon trust to divide the same or its proceeds, after payment of debts, among the testator's four children. The executors were by judgment in this action, which was brought by one of the beneficiaries, removed, and a receiver appointed, with the powers of an administrator with the will annexed. On motion to compel the receiver to sell the real estate, *held,* that the trust attempted to be created was unauthorized, and so no trust estate was vested in the executors, and the title passed to the beneficiaries named as devisees in fee; that the devise, although void as a trust, was valid as a power, but that the receiver had no authority to execute the power.

It is essential to the validity of a trust to sell lands for the benefit of creditors, or of legatees, that the power conferred shall be absolute and imperative, without discretion except as to the time and manner of performing the duty imposed.

The trust was not valid as a trust to receive the rents and profits of land, under the statute of uses and trusts (1 R. S. 728, § 55, subd. 3), as there was no direction to apply them to the use of any person or for any period, and they were not distributable as such, but were incorporated into the mass of the estate, to be divided by the executor.

A discretionary power of sale vested in executors cannot be executed by an administrator with the will annexed.

*It seems,* that the power, although discretionary, could, after removal of the executors, be executed under the direction of the court by a trustee appointed for that purpose.

(Argued December 10, 1884; decided January 20, 1885.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made December 1, 1884, which reversed an order of Special Term authorizing and directing James M. Smith, a receiver appointed in this action in place of the executors of the will of Nathan C. Platt, deceased, to sell certain premises of which the testator died seized.

Said testator died on or about the 4th day of July, 1863, leaving a will, the material portion of which is as follows:

" I nominate and appoint my sons William H. Platt, Nathan C. Platt and Spencer C. Platt executors of this my last will and testament. I give, devise and bequeath all the estate, real and personal, whatsoever and wheresoever that I may die seized or possessed of, or be in any manner interested in or entitled to, unto my said executors, to have and to hold unto my said executors, their successors and assigns, absolutely and forever with full power to receive the rents, issues and profits thereof, and to contract to sell, sell, mortgage and convey my said estate, in their discretion, and good and sufficient deeds and instruments therefor to make and deliver. Upon trust, nevertheless, to divide and distribute my said estate, or its proceeds, after the payment of my debts, to and among my four children, William H. Platt, Nathan C. Platt, Jr., Spencer C. Platt and Catharine W. Platt, in equal proportions — the children of any deceased child to take its parent's share."

Letters testamentary were duly issued to the executors named, who duly qualified and entered upon the discharge of their duties as such executors.

By judgment rendered in this action, said executors were removed, and the judgment further provided as follows:

" That James M. Smith, Esq., of the city of New York, be and he hereby is appointed receiver of all the assets of the estate of Nathan C. Platt, deceased." Also, that " James M. Smith, as receiver of the estate of Nathan C. Platt, deceased, shall and do succeed to the trust of the administration of said estate, and to all the rights and remedies that would have been possessed by the said executors but for their removal, and that the said receiver be and he hereby is invested with all the rights and powers of receivers according to law, and with all the rights and powers of an administrator with the will annexed of the estate of said Nathan C. Platt, deceased," and " that the receiver and any party to this action have leave to make further application to the court at the foot of this judgment."

The order of Special Term directed the receiver, as administrator with the will annexed, to execute the power of sale.

*Payson Merrill* for appellant. If the will created a valid trust, and the executors took the title to the real estate, the receiver succeeded to the title and to the incidental powers given them. (*Delaney* v. *McCormack*, 88 N. Y. 174; *Mott* v. *Ackerman*, 92 id. 539.)

*William G. Wilson* for respondents. The will of Nathan C. Platt conferred no estate in his lands upon his executors, but only a power in trust. The title of the lands vested in his four children subject to the execution of the power. (1 R. S. 728, § 55; 729, § 56; *Boynton* v. *Hoyt*, 1 Denio, 53; *Hawley* v. *James*, 16 Wend. 61.) The power of sale given to the executors was not imperative but discretionary; and there was no equitable conversion. (*White* v. *Howard*, 46 N. Y. 162; *Lucas* v. *Brandreth*, 28 Beav. 473; *Polly* v. *Seymour*, 2 Y. & C. 708.) No power of sale has passed to the receiver. (*Mott* v. *Ackerman*, 92 N. Y. 553; *Dunning* v. *Ocean Bk.*, 61 id. 501; *Dominick* v. *Michael*, 4 Sandf. 374, 379.)

ANDREWS, J. The intention of the testator, manifested by his will, to vest in his executors the legal title to his real es-

tate, in trust, was ineffectual, notwithstanding the express devise to them, unless the devise was upon one or more of the express trusts authorized by statute. The attempt of a testator to devise his lands upon an unauthorized trust does not intercept the passing of the legal title to his heirs or ultimate devisees or beneficiaries. The statute to this extent frustrates a testator's intention, but it preserves it so far as to enable the trustees to perform the trust through the medium of a power, as to such acts as he is authorized to perform, and for the performance of which a power could be lawfully created. (1 R. S. 728, §§ 55, 58, 59.)

We are of opinion that no trust estate in the testator's land was created in the executors of the will. The main purpose of the testator was to give his estate remaining after payment of his debts, equally to his four children. He imposed upon his executors the duty of making the division, and this was the declared purpose of the trust.

If there was nothing further in the will there could be no question. The statute does not authorize the creation of a trust for the partition of lands. But a power may be created for this purpose, and the devise to the executors, though void as a trust, may be valid as a power to divide and distribute. The only doubt, in respect to the legal validity of the trust, arises from the discretionary power of sale vested in the executors, together with the right to receive the rents and profits, and income of the real and personal estate prior to the division. The statute authorizes a trust to sell lands for the benefit of creditors and legatees (§ 55). But we are of opinion that it is essential to the constitution of a valid trust for either of these purposes, that the power of sale conferred upon the trustees must be absolute and imperative, without discretion, except as to the time and manner of performing the duty imposed, and that it is not sufficient to invest the trustee with a merely discretionary power of sale, which he may or may not exercise at his option, and which does not operate as a conversion. The sale or other disposition

mentioned in the statute must be the direct and express purpose of the trust. Any other construction would open the door to an evasion of the manifest intention of the legislature to prevent the separation of the legal title and beneficial interest in lands through the medium of a trust, except in the specific cases and for the precise purposes enumerated in the statute. In the will in question, not only is the power of sale conferred upon the executors discretionary, but it is apparent that it was incidental to the testator's main purpose in constituting the trust, to provide for a division of his estate by his executors. Nor can the trust be sustained as a trust to receive the rents and profits of land, under the third subdivision of section 55. There is no direction to apply them to the use of any person or for any period. When received they are distributable, not as rents and profits, but because incorporated into the mass of the estate, to be divided by the executors. (See *Heermans* v. *Burt*, 78 N. Y. 259.)

The only remaining question relates to the authority of the receiver to execute the power of sale vested in the executors. The power of sale was a power in trust, which, although discretionary, could, on the death or removal of the executors, be executed under the direction of the court, by a trustee appointed for that purpose. (1 R. S. 731, §§ 71, 102 ; *Leggett* v. *Hunter*, 19 N. Y. 445, and cases cited ; *Roome* v. *Philips*, 27 id. 357.) But we are of opinion that by the true construction of the judgment appointing the receiver, he was invested with no greater power than that of administrator with the will annexed. The point must now be deemed to be settled that an administrator with the will annexed cannot execute a discretionary power of sale vested in executors. He succeeds to the power of sale given to the executor, only when the direction to sell is imperative. (*Mott* v. *Ackerman*, 92 N. Y. 540 and cases cited.)

Our conclusions are ; *first*, that no valid trust was created in the testator's real estate by the will in question ; *second*, that the four children of the testator are vested with the title to the real estate of the testator, as devisees in fee under the will ;

*third,* that the receiver in the action has no authority to execute the power of sale given to the executors.

There are no other questions involved in the determination of this appeal.

The order should, therefore, be affirmed, with costs.

All concur.

Order affirmed.