Daniels, J.
The order was made upon the hearing of a petition and affidavits sustaining it, upon which it was claimed that the petitioner E. N. Martin, was entitled under an agreement, made with William B. Martin, to a portion ■of the proceeds directed to be distributed. This was opposed by affidavits showing precedent proceedings, in which it had been determined that no such claim had a legal existence. It has been before the courts in various forms and miiformly determined against the claimant. It further appeared in one of the proceedings, that William B. Martin, the assignor of the petitioner had received upwards of $60,000 out of the estate, which he claimed to be entitled to for his legal services, but that claim was rejected, and the amount of his fees and allowances reduced to the sum of $40,000. An action had also proceeded to judgment, affirming the claim made to be without foundation, and this determination, together with the one made in the action of Edwin M. Martin, against Spencer 0. Platt, and others, seems to follow from the construction given to the will of the testator Nathan 0. Platt, in the case of Cooke v. Platt (98 N. Y., 35), for the contract under which William B. Martin made, the claim was with the executors of the estate, in whom no title vested, and who were without authority to bind it by their agreement.
Neither in the petition, nor the affidavit supporting it, has any ground been disclosed upon which it can be affirmed to be probable that on an appeal from the judgment recovered in the action of Martin v. Platt there can be any different disposition made of the case than that which has been directed by Mr. Justice Van Voest. Beported in 5 N. Y. St. Bep., 284. The facts as they have been found, the reasons assigned in support of the conclusions, together with the preceding litigation in which the demand made has been brought forward for controversy, have all discredited it to such a degree as to render a stay of proceedings under the petition which was presented entirely improper and without authority. The controversy has been carefully considered by different judges in entirely *652 different proceedings, and the asserted claim has been condemned as incapable of being sustained. And on this state of facts the court would not be justified in interfering with the order from which the appeal has been taken, and making an order directing the stay which was applied for, alone on this petition and affidavit. The order was right, and it should be affirmed, together with the usual costs and disbursements.
Two motions were submitted with this appeal, and those which have already been considered taken from the other orders to dismiss the appeals for the want of service in proper form of the printed papers. But as the notices of the motions with the affidavit on which they were proposed to be made, were served by mail when that service does not appear, to-be authorized by the practice, these motions should be denied, but, as the facts are made to appear, without costs.
Davis and Brady, JJ., concur.