(15 App. Div. 235.)

## CASS v. CASS.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. TRUSTS—CREATION—WILLS.
    A valid trust is created by a will devising property to persons, "and their heirs and assigns, forever, subject, however, to the trust hereinafter made," and in a subsequent clause appointing trustees, and directing them to "hold" the devised estate, and "apply the avails, in their discretion," to the use of each of the beneficiaries "for and during each of their natural lives;" since a devise in trust to the sole use of any person for life is not invalidated by the fact that the remainder is limited to him and his heirs.

2. SAME—CONSTRUCTION—POWERS OF TRUSTEE.
    A devise to persons and their heirs, subject to a trust, directing the trustees to apply the "avails" of the estate to the use of such persons during life, does not authorize the trustees to expend the principal, but only the rents and profits.
    Landon, J., dissenting.

Submission without action, under Code Civ. Proc. § 1279, of controversy between Samuel W. Cass, as plaintiff, and Marcus M. Cass, trustee of said Samuel, as defendant. Judgment for defendant.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John M. Roe, for plaintiff.
M. M. Cass, Jr., for defendant.

MERWIN, J. In this case construction is asked of certain provisions in the will and codicil of Cynthia Ann Freer, who died on or about the 1st October, 1853. The will is dated September 29, 1852,

and the codicil, September 21, 1853, and they were duly admitted to probate on the 13th October, 1853. By the seventh clause of the will a devise is made as follows:

"All the real estate which I own or shall die seised or possessed of, or which I shall be entitled to, I give, will, and devise as follows, that is to say: * * * The equal undivided one-fourth part thereof to the four following persons, to wit: My nieces Frances E. Cass, Jane M. Cass, and Caroline May Hurd, and my nephew Samuel Watkins Cass, which will be to each the one equal undivided one-sixteenth part of my whole real estate, to have and hold the same, to them or the survivors of them, when this my will shall take effect, and to their heirs and assigns, forever; subject, however, to the trust hereinafter made."

By the tenth clause the same parties were given an interest in the personal estate of the testatrix. By the fifteenth clause the testatrix appoints three persons, one of whom is the defendant, "trustees to hold the estate, real and personal, which I have devised and bequeathed to my nieces Caroline May Hurd, Jane M. Cass, and Frances E. Cass, and my nephew Samuel W. Cass, until they shall, respectively, attain the age of twenty-five years; and the said trustees, in their discretion, in the meantime, may apply the avails, or a part thereof of the portion to each, to his or her maintenance or education." The fifteenth clause of the codicil is as follows:

"Fifteenth. And I hereby will and direct that the trustees of my said nieces and nephew, or the survivors of them, and, after the decease of all of them, such person or persons as shall be appointed trustees by the supreme court of this state according to law, shall hold all the estate, real and personal, which I have given by my said will, and this my codicil thereto, to my said nieces and nephew, in trust for and during each of their natural lives, anything herein, or in my said will, contained to the contrary notwithstanding. And I direct that my said trustees pay over or apply the avails, in their discretion, of the estate devised and bequeathed to my said nieces and nephew, to each of them, respectively, from time to time, or devote the same in some judicious way, for their use and benefit; and I request that my will shall be so construed as to give full effect to my directions in this fifteenth clause of my codicil contained."

The real estate and a large portion of the personal estate have been duly partitioned, divided, and converted into money, and the share in which the plaintiff has an interest is now in the hands of the defendant, as sole trustee.

The questions to be determined are—First, whether the trust is valid; and, if it is, then, second, whether the trustee has the right to expend the whole or any part of the principal for the support and maintenance of the plaintiff, or pay it to him for that purpose. It may be assumed that, if the trust is not valid, the plaintiff is entitled to the fund. In the submission it is stated that no person other than plaintiff has any right, title, or interest in the fund by reversion, remainder, or otherwise, excepting the trustee.

It is claimed on the part of the plaintiff that the devise to him in the seventh clause is absolute, and not controlled or affected by anything that is said about a trust. In support of this contention the cases of Clarke v. Leupp, 88 N. Y. 228, and Parsons v. Best, 1 Thomp. & C. 211, are cited. In the Clarke Case the testator gave to his wife all his property, real and personal, and appointed her sole executrix to take charge of his property after his death, and retain or dispose of the same for the benefit of herself and his chil-

dren. It was held that the widow took an absolute title, it being said that the discretionary power given to the widow to retain or dispose of the property for the benefit of herself and children was not intended by the testator to limit or cut down the prior absolute gift. In the Parsons Case the rule was applied that a devise or bequest made in clear, positive, and express terms, in language known to the law, and which calls for no interpretation, is not controlled or overcome by subsequent ambiguous words, inferentially to another intent. In the present case the devise to the plaintiff is expressly made subject to the trust, and the extent and object of the trust is afterwards definitely stated, and trustees are named, and in the fifteenth clause of the codicil the intent of the testatrix is specially emphasized. There seems to be no doubt about the intent of the testatrix. She intended to create a trust which for definite purposes should exist for the life of the plaintiff, and to that extent she intended to limit the prior gift to the plaintiff. The cases cited do not, therefore, help the plaintiff.

It is further claimed that the plaintiff has the power to dispose of the entire estate for his own benefit, and therefore he has the entire fee, under the provisions of the Revised Statutes. 1 Rev. St. p. 733, §§ 83–85. This, however, depends upon whether the trust is valid. If it is, he has no such power of disposition. The will says that the trustees shall hold the estate, real and personal, in trust for and during the life of the beneficiary, and pay over or apply the avails in their discretion, from time to time, for his use and benefit. This, by necessary implication, authorized the trustees to manage the property, and to receive the rents and profits of the real estate and the income of the personal. It was an express trust, authorized as to the real estate, by that provision of the Revised Statutes which provided that express trusts might be created to receive the rents and profits of the lands, and apply them to the use of any person during the life of such person. Subdivision 3, § 55, p. 2437, Rev. St. (8th Ed.). By section 60 it is provided that "every express trust, valid as such in its creation, except as herein otherwise provided, shall vest the whole estate in the trustees in law and equity, subject only to the execution of the trust." This, however, as provided by subsequent sections, does not prevent the person creating the trust from declaring to whom the lands shall belong on the termination of the trust, or prevent him granting or devising the lands subject to the execution of the trust; and it is provided that the grantee or devisee shall have a legal estate in the lands as against all persons, except the trustees and those lawfully claiming under them. By section 63 the interest of a beneficiary in a trust for the receipt of the rents and profits of lands is made inalienable. The same rule is applicable, though the trust be of personal property. Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251. "The law does not limit or confine trusts as to personal property, except in reference to the suspension of ownership, and they may be created for any purpose not forbidden by law." Power v. Cassidy, 79 N. Y. 613; Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464; Bucklin v. Bucklin, *40 N. Y. 141. In Crooke v. County of Kings, 97 N. Y. 421, it was held, where

a devise was to a trustee during his life, to receive the rents and profits, and apply them, at his discretion, to the support and education of the children of the testatrix, with remainder to them, that the devise was valid. In the present case there is, in effect, a devise to the trustee for the life of the plaintiff, with remainder to the plaintiff. The fact that the plaintiff is the remainder-man does not invalidate or destroy the trust. The trust is, we think, valid.

The further question is whether the trustee has the right to expend the whole or any part of the principal for the support and maintenance of the plaintiff or pay it to him for that purpose. We think not. The trustee is to hold the estate during the life of the beneficiary, applying in the meantime only the avails. No power of sale of the real estate is given to the trustee. Judgment should therefore be ordered declaring the trust to be valid, and that the trustee has the right to hold the fund during the life of the plaintiff, and that the trustee has no right to expend any part of the principal for the support and maintenance of the plaintiff, or pay it to him for that purpose.

Judgment ordered as stated in the opinion, with costs to both parties payable from the fund. All concur, except LANDON, J., dissenting, in opinion.

LANDON, J. (dissenting). The will vested the title to the real estate in question in the plaintiff, unless a valid express trust was created. Such a trust can only be created for the purposes mentioned in the statute (1 Rev. St. p. 728, § 55), and unless this comes within the third subdivision of the section, namely, "to receive the rents and profits of land, and apply them to the use of any person during the life of such person, or for any shorter term," it is unauthorized. In this will the trust is not to apply "the rents and profits of land" to the use of the devisees, but to do one or the other of two things, in the discretion of the trustees: (1) "To pay over or apply the avails, in their discretion, of the estate devised to said nieces and nephew, to each of them, respectively, from time to time." "Avails" may mean rents and profits, and it may mean proceeds from the sale of the land itself, or both. Brown v. Harris, 25 Barb. 134. A trust to pay from time to time, in the discretion of the trustee, the avails of the sale of the land, devised absolutely to the cestui que trust, is not within the terms of the statute, and therefore is invalid. Cooke v. Platt, 98 N. Y. 35; Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868; Chamberlin v. Taylor, 105 N. Y. 185, 11 N. E. 625. It is true the testatrix directs the trustee to hold the devised estate during the life of the devisee, but this clause, being construed in connection with his duty to pay the avails in his discretion, must mean to hold what he does not pay out. Clearly the testatrix meant that the trustee should pay to the devisee both corpus and income, if he thought proper to do so. The record shows that the income is insufficient for plaintiff's support. (2) The other alternative is: "Or devote the same [i. e. the avails of the estate] in some judicious way for their use and benefit." The statute defines the way, namely, "to apply the rents and profits to the use"

of the cestui que trust, and does not permit the trustee to devise any other judicious way. What this trustee's ingenuity might devise the record does not inform us. Besides, he is permitted to apply the avails, and is not limited to the rents and profits.

2. As my Brother MERWIN shows, the law does not limit or confine trusts as to personal property, except in reference to the suspension of ownership, and they may be created for any purpose not forbidden by law. The trust as to the personal property is therefore good. By its very terms, the trustee may, in his discretion, pay the avails of it to the plaintiff, from time to time. I see no reason why the judgment should not permit him to do so. No one has the slightest claim upon the fund, except the plaintiff. I advise judgment that the trust is void as to the real estate, and that the defendant pay the plaintiff the avails of the personal estate, in his discretion.