SARAH L. WOOD, Respondent, *v.* RICHARD P. HUBBARD and Others, Defendants; RICHARD P. HUBBARD, as Executor, etc., of RICHARD P. HUBBARD, Deceased, and Others, Appellants.

*Will — an intention to disinherit, where no disposition is made of the inheritance, is ineffective — power of sale, not absolutely imperative, is no bar to an action for partition — disposition of the proceeds of a sale in partition made within three years after the owner's death.*

The mere expression of an intention on the part of a testator to deprive an heir at law of any right to or share in any portion of his estate, either as heir at law, devisee or legatee, is ineffective where no legal provision is made for the disposition of that portion of the realty to which such heir at law would naturally be entitled, the person to whom such portion of the realty is given by the will not being in existence at the time of the testator's death, in consequence of which the devise has lapsed.

The existence in a will of a power of sale which is more than a mere naked discretionary power, and which, from the necessities of the case, the executors may possibly be called upon to exercise, and may possibly be compelled to exercise at the instance of a creditor, but which is not absolutely imperative, is not a bar to an action for the partition of lands subject to such power.

Where three years have not elapsed after the granting of letters testamentary and prior to the commencement of an action for the partition of land left by a testator, the proceeds of the sale of the land must, under section 1538 of the Code of Civil Procedure, be deposited with the county treasurer.

APPEAL by the defendants, Richard P. Hubbard, as executor, etc., of Richard P. Hubbard, deceased, and also as guardian *ad litem* for Richard P. Hubbard, Jr., and others, infant defendants, and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 24th day of September, 1897, upon the decision of the court rendered after a trial at the Monroe Special Term, in an action brought for the partition of real estate.

One Richard P. Hubbard, Sr., the father of the plaintiff, departed this life on the 22d day of June, 1895, leaving a last will and testament which was executed on the 10th day of September, 1889, to which there was annexed a codicil bearing date the 17th day of January, 1893.

The will contained several specific devises of real estate to the testator's wife, Louisa E. Hubbard, who was also made the residuary devisee and legatee of the testator's estate; but she died on the 11th day of June, 1894, about one year prior to the death of her husband. The will also devised certain specific property to the plaintiff, which devise was subsequently revoked by the codicil, the testator therein declaring that it was his desire that the plaintiff should not, under any circumstances, inherit or receive any portion of his real or personal estate.

By the 23d clause of the will the testator's wife and the defendants Richard P. Hubbard, Valeda (Leeda) Howell and Zella Sprague were designated as the executors thereof and authority was given to them, " or so many of them as shall duly qualify under this appointed,* to sell and convey by deed any portion or all of my (the testator's) real estate not hereinbefore specifically devised, and to do any other act or thing requisite and necessary to carry into effect the provisions of (his will)."

Subsequently the defendants above named duly qualified as surviving executors and entered upon and have ever since continued in the discharge of their trust.

*John Van Voorhis*, for appellants Somers and others.

*Cassius C. Davy*, for the appellant Richard P. Hubbard.

*William A. Sutherland* and *Willis H. Coon*, for the respondent.

ADAMS, J.:

The plaintiff, as an heir at law of her father, Richard P. Hubbard, brings this action to partition lands situated in the counties of Ontario, Monroe and Genesee, which were owned by the testator at the time of his death, and as to which it is claimed he died intestate.

Inasmuch as the testator's wife was the sole residuary, as well as a specific devisee, all the devises to her which were contained in the will of her husband undoubtedly lapsed upon her death which

---

*Sic.*

occurred nearly a year prior to that of her husband, and the decedent died intestate as to the lands which would otherwise have gone to her. (*Matter of Wells*, 113 N. Y. 396.)

The defendants, while raising no issue as to this proposition, nevertheless assert that this action ought not to be maintained for two reasons : (1) Because the plaintiff, in consequence of the disinheritance clause of the codicil, took no title to any of her father's estate ; and (2) because of the power of sale which the will contains, authorizing the executors to sell any or all of the testator's real estate not specifically devised.

It is true that the codicil does express an intention and desire upon the part of the testator to deprive the plaintiff of any right to or share in any portion of his estate, either as heir at law, devisee or legatee ; but it omits to provide to whom that portion of the realty to which his daughter would naturally be entitled shall go. In other words, it contains no legal devise of the real estate to which the plaintiff would be entitled under the will ; and as the person to whom the testator attempted to devise the remainder was not in existence at his death, the plaintiff's right to share therein is unaffected by mere words of disinheritance. (*Gallagher* v. *Crooks*, 132 N. Y. 338.)

The second ground upon which the defendants rest their contention seems at first glance to possess more force. The will in question does undoubtedly contain a power of sale and one which is quite likely to be called into operation, for the executors thereof are authorized and empowered to pay all debts and funeral expenses of the testator in addition to several legacies of considerable amount, and it appears by the uncontradicted evidence of the plaintiff's own witness that the funds in the hands of the executors will be insufficient for that purpose. It is apparent, therefore, that the power of sale which the will contains is something more than a mere naked, discretionary power. It is rather one which, from the necessities of the case, the executors may possibly be called upon to exercise, and it is likewise one which they may be compelled to exercise at the instance of a creditor. (*Matter of Gantert*, 136 N. Y. 106.)

Nevertheless, as the power of sale is not absolutely imperative, we think that, until the executors shall have actually exercised the same, the residuum of the testator's estate must be treated as realty and

not personalty, and that the power of sale presents no sufficient reason why the plaintiff should be denied her legal right to seek and obtain partition of lands in which she has an estate of inheritance as a tenant in common. (*Mellen* v. *Banning*, 72 Hun, 176; *Palmer* v. *Marshall*, 81 id. 15.)

Such a right, however, is subordinate to the paramount rights of creditors, and inasmuch as three years had not elapsed from the granting of letters testamentary when this action was commenced, the lands affected thereby, whether partitioned or sold, would still remain charged with the payment of the debts of the decedent, and a purchaser thereof would take title thereto subject to any claims which could be legally enforced against the same.

It was to meet just such an emergency as this that the Legislature, by a recent amendment to section 1538 of the Code of Civil Procedure, enacted that: "When the action is brought before three years have elapsed from the granting of such letters of administration or letters testamentary, as the case may be, upon the estate of the decedent from whom the plaintiff derived his title, the final judgment shall direct that the proceeds of the sale remaining after the payment of the costs, referee's fees, expenses of sale, taxes, assessments, water rates and liens established before the death of the decedent, including any sum allowed to a widow in satisfaction of her right of dower therein directed to be paid, be forthwith paid into court by the referee making such sale, by depositing the same with the county treasurer of the county in which the trial of the action is placed, to the credit of the parties entitled thereto, to await the further order in the premises." (Chap. 726, Laws of 1897.)

It is further provided by the same section that upon the certificate of the surrogate showing that three years have elapsed since the issuing of letters testamentary, and that no proceedings are pending in the Surrogate's Court to mortgage, lease or sell the decedent's real property, and upon the certificate of the county clerk showing that no notice provided for by section 2751 has been filed, the court may make an order directing the county treasurer to pay over to the parties to the action the moneys so deposited in court.

The record before us does not disclose just when letters testamentary were issued, but inasmuch as the testator died less than

three years prior to the commencement of the action, the final judgment herein will doubtless, in compliance with the requirements of this statute, contain a provision which will furnish ample protection to the rights of all concerned, and this being the case, it relieves the appellants' second contention of all apparent force.

But it is further insisted that the awarding of costs should have been deferred until the final judgment, and such would, perhaps, have been the better practice. The amount of costs to be awarded and the manner in which they shall be paid cannot, of course, be determined until the property is sold (Code Civ. Proc. § 1559), but inasmuch as the plaintiff succeeded in her action, it was almost a matter of course to award her costs, and we cannot see how any one is prejudiced by the fact that the interlocutory decree so declares. It does not pretend to adjudicate the right of any other party to costs, and consequently such right can easily be adjusted when application is made for final judgment.

These views lead to the conclusion that the judgment appealed from should be affirmed. We are inclined to think, however, that in view of the peculiar circumstances of the case costs should be awarded to each of the parties.

All concurred.

Judgment affirmed, with costs of this appeal to each of the parties appearing thereon, to be paid out of the proceeds of the sale, and without prejudice to the right of the defendants to apply for costs of the trial upon the coming in of the referee's report of sale.