## (May 29, 1940.)

ARLENE KESTERKE, Respondent, v. FLOYD W. VAN WIE, Appellant, and Others, Defendants.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to plead over within twenty days upon payment of the costs of this appeal. Memorandum: In this action for partition and sale of the real property devised in the will of Frances McIntyre, deceased, the plaintiff made decedent's will a part of the complaint. The will empowered the executor to sell, lease or mortgage said real estate and, in his discretion, to hold it "until such time as a fair value can be obtained for it." Having made the will a part of the complaint and having instituted this action within nine months after the probate of the will, it was incumbent upon the plaintiff to allege in the complaint either that a demand had been made on the executor to sell the property and that he had unreasonably refused to do so or to allege other facts justifying the commencement of the action so soon after the

probate of the will. In the absence of special facts and circumstances, nine months was not a reasonable time to enable the executor to exercise the power and discretion given to him under the will. The motion to dismiss the complaint for failure to state a cause of action should have been granted. (*Thompson* v. *Hart*, 58 App. Div. 439, 447; affd., 169 N. Y. 571; 8 Carmody's New York Practice [Part 1], § 359, p. 382.) All concur, except Cunningham and Harris, JJ., who dissent and vote for modification of the order by granting leave to the defendant to answer within twenty days on the authority of *Wood* v. *Hubbard* (29 App. Div. 166) and *Thompson* v. *Hart* (58 id. 439; affd., 169 N. Y. 571) and for affirmance as modified. (The order denies defendant Van Wie's motion for a dismissal of the complaint in a partition action.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.