Landon, J.
In Cassagne v. Marvin, 1 N. Y. Supp. 590, we expressed the -opinion that the so-called trust created by the instruments set forth in this •complaint is not a valid express trust, since it is not within any of the conditions for which express trusts are authorized by the statute. Further consideration of the agreements, in view of the questions now presented, confirms the views there expressed. It was there intimated that it’ was possible that the trust might be regarded as a several one for the life of each beneficiary, thus rendering the life-estate inalienable by the beneficiary, and the remainder alienable. It- was not necessary for the purposes of the former case to hold *845 that such was the true construction. The appellant asks us to hold*so now. Our present examination leads to the conclusion that such a construction cannot be given to the instruments without doing violence to the plain intent of the parties to them. The result is that the title to the premises is vested in the several beneficiaries or shareholders as tenants in common.
Respecting the assignment by Eugenia Roche to the plaintiff, while the-law requires such assignment to be made with the fórmalities requisite to pass title to real estate, equity, no doubt-, will uphold an executed assignment upon consideration paid, though not under seal. Our examination of the case suggests to us the question, not made upon the argument, and therefore not decided by us, and which may or may not be necessary to be considered before-the final disposition of the case, namely, whether, under the agreements under which Marvin and Hail became the purchasers, they were simply constituted the agents of the owners for the care and disposition of the property, and its income and proceeds, with such a simple power of attorney for the purpose as is exempted from the operation of the Revised Statutes entitled “Of Powers,” (1 Rev. St. marg. p. 738, § 134,) or whether a power in trust was vested in them, (1 Rev. St. marg. p. 729, §§ 58, 59, 74, 108, 119, 135; Heermans v. Burt, 78 N. Y. 259.) RTeither the answer of the defendant nor the brief of his counsel presents this question in either of its aspects. Ho-suggestion is advanced which tends to make the answer any defense to the cause of action alleged in the complaint. We affirm the interlocutory judgment sustaining plaintiff’s demurrer, with costs, with the usual leave to answer on payment of costs. All concur.