Order and decision reversed, with one bill of costs.

---

## CASSAGNE v. MARVIN et al.

(Supreme Court, General Term, Third Department. February 15, 1893.)

1. TRUST—VALIDITY.

An agreement between the holders of mortgage bonds that certain persons may buy the mortgaged land at foreclosure sale, and sell, lease, occupy, and manage it as trustees, does not create a valid trust under the laws of New York. Cassagne v. Ostrander, (Sup.) 3 N. Y. Supp. 844, followed.

2. SAME—ACTION TO ENFORCE—LIEN OF TRUSTEE.

In an action by a beneficiary in such invalid trust against the trustees for an enforcement of the trust the trustees are not entitled to have the amount of their costs and expenses adjudged a lien upon the plaintiff's interest in the land.

Appeal from special term, Saratoga county.

Action by Leocadie A. V. Cassagne against James M. Marvin and John Tayler Hall, as trustees of the United States Hotel, of Saratoga Springs. The complaint alleged that the defendants were in 1875 appointed trustees of certain property known as the "United States Hotel," and entered upon their duties, and still continue to act as such; that they issued certificates; and that the plaintiff is the owner of a share issued to Eugenia Roche, of the par value of $997,—and, assuming that the trust is a valid and authorized trust, asked that the defendants specially perform an alleged agreement connected with said trust. The defendants, by their answer, admit they are the legal owners of certain property in which Eugenia Roche had a beneficial interest, and set out the certificate given to her. They set up that Eugenia Roche brought an action against them, and put them to great cost and expense, and claim they have a lien on the trust fund to be reimbursed, and ask that the amount of their claim be declared a lien, and that they may sell her interest to reimburse themselves for the amount due. The complaint was dismissed at the hearing, and defendants' claim for a lien was disallowed. Both parties appeal. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

H. A. Vieu, (Edgar T. Brackett, of counsel,) for appellants.
Charles S. Lester, for respondents.

HERRICK, J. This case has been twice before this court upon appeal, (1 N. Y. Supp. 590, and 3 N. Y. Supp. 844,) and I feel constrained, by what the court said upon those appeals, to hold that the plaintiff is not entitled to recover. As to the claim of the defendants that the amount of their costs and expenses should in this action be adjudged a lien upon the interest of the plaintiff, I can see no reason to differ from the learned justice who tried the case, or from the views expressed in his opinion. The judgment should be affirmed, as both parties appealed, and, as neither has succeeded

upon such appeal, let an order of affirmance be entered, without costs to either party.

MAYHAM, P. J., concurs. PUTNAM, J., not acting.