VAN BRUNT, P. J.
It is not necessary to discuss the question <of fact in this case, because the evidence which was relied upon by the appellants has no applicability to the issue which was involved. ■Our attention is called to evidence in regard to the value of the lot in question, without reference to the building, as being evidence that the property had increased in value since the construction of the elevated road, and had not thereby been injured. This may be entirely true in respect to the lot, whereas the premises may have been very materially injured because of the effect of the building of the elevated road upon its method of occupation. We see no reason whatever to interfere with the conclusion to which the learned trial judge has come in reference to the question of amount, ■either as to fee or as to past damage. It is urged, however, that the court erred because it refused to find certain requests made upon the part of the appellants. The court refused to find as follows:
“The existence and operation of the defendants’ railroad in Ninth avenue has rendered the premises in suit far more accessible than they otherw se would be. This increase of accessibility has been a benefit to the plaintiffs’ property, and has increased the value thereof. The facility for rapid transit furnished by the Elevated road is a benefit to the neighborhood, and to the premises in suit, and has increased the value thereof.”
The court found that:
“The presence and operation of the said railroad and station attract to and create in Ninth -avenue a considerable amount of traffic and business therein, and the number of persons passing up and down said avenue and in front of plaintiffs’ said premises is largely multiplied by reason of the presence of said, railroad and station.”
This, we think, was substantially all that the court should have been called upon to find, as it is not necessary to iterate and reiterate substantially the same facts in different findings. Furthermore, our attention is called to the statement by the learned court of appeals in the case of Bookman v. Railroad Co., 137 N. Y. 302, *357 33 N. E. 333, in which the court, in commenting upon the refusal to find that the fact of the proximity of the defendants’ station above mentioned to the premises in suit is advantageous to the business portion of said premises, and produces a special benefit to the same for business uses, say:
“We think these facts could with propriety have been found upon the evidence in this case; but the nature and operation of the elevated rai.roads are so notorious that the courts may assume to be acquainted with them, and from the numerous cases which have come before them they may take judicial! knowledge that they increase the traffic in the wide avenues largely devoted to business purposes, and thus generally promote and increase the business thereof.”
—Thus apparently holding that the refusal to find the above facts was not reversible error. A failure to find those facts of which the court may take judicial notice not only is not error, but the finding thereof would be an act of supererogation, as it is not necessary to inform the court by a finding of fact of those things which it is presumed to know.
We might very well have dismissed the appeal in this case because of the failure of the appellants to comply with the repeated decisions of this court in regard to the manner in which the findings of fact are to be prepared and presented in the record. AE the facts found are not contained in the decision of the court, as required by the general rules of the court and manifestly by the provisions of the Code. The judgment should be affirmed, with costs.
FOLLETT, J., concurs. PARKER, J., concurs in result.