OTIS H. CUTLER, Respondent, *v.* MARY R. WINBERRY and Others, Appellants.

Second Department, July 31, 1917.

**Real property — deed creating trust not authorized by statute — power in trust to convey to son of grantor — when trustee may exercise power after death of grantor — Real Property Law, sections 92 and 93, construed.**

Where a deed conveyed real estate in trust, with the proviso that the trustee shall allow the grantor to control the property as he may think best for the interest of his children, and entitled the grantor to receive the income during the term of his natural life, and also required the trustee, if requested by the grantor, to convey said land to a son of the grantor, his heirs and assigns forever, and further provided that on the death of the grantor without making a request for said conveyance, leaving the son surviving, the trustee should then convey to said son, but the grantor died without requesting the trustee to convey to the son, the deed created a special power in trust, which entitled the trustee to convey to said son after the death of the grantor, although the trust

itself was not among those authorized by the statute at the time it was created.

The validity of a trust must be determined by the statute in existence at the time of its creation.

Although the trust itself was not authorized by the statute then in force, the trustee had a right to exercise the power to convey to the son by virtue of the statute providing that although an express trust created for purposes not enumerated in the statute shall vest no estate in the trustee, a power conferred upon the trustee shall be valid as a power in trust.

Said power was not extinguished by the death of the grantor.

A power in trust is irrevocable unless the authority for revocation is reserved in the instrument.

There is a distinction between a simple power of attorney and a power in trust, which latter may be executed by the grantee in his own name.

In any event, and irrespective of the holdings aforesaid, section 93 of the Real Property Law, which is continued from the former Revised Statutes and which provides in substance that a deed of real property shall be made directly to the person in whom the right of possession and profits is intended to be vested and not to another to the use of or in trust for such person, and if made to such use or trust no estate legal or equitable shall vest in the trustee, taken in connection with section 92 of the Real Property Law, was effective to vest the son of said grantor with a remainder in the property.

APPEAL by the defendants, Mary R. Winberry and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 20th day of September, 1916, upon the decision of the court after a trial at the Rockland Special Term.

*Philip Van Alstine,* for the appellant Nellie J. Winberry.

*Hamilton R. Squier,* for the infant appellants.

*Morton Lexow* [*Frank S. Harris* with him on the brief], for the respondent.

JENKS, P. J.:

This action presents a conflict of claims to certain realty heretofore owned in fee by Winberry. The plaintiff asserts title through a deed made by McCarthy, grantee of Winberry. The defendants contend that Winberry died seized of an estate of inheritance, so that the defendant Nellie Winberry has an estate of dower and the other defendants inherit as

heirs at law. The deed to McCarthy, his heirs and assigns, conveyed several pieces of real estate, including the piece in question, "upon the trusts nevertheless, and to and for the uses, interests and purposes hereinafter limited described and declared that is to say: First," it provided that McCarthy "will allow the said party of the first part to manage and control said property as he may think best for the interest of his children hereinafter named, and to collect and receive all of the rents and income from the same and apply the same to such purposes as he may desire during the term of his natural life. * * * *Fourth.* That he will at any time when requested so to do by said party of the first part in writing convey to William Winberry the son of said party of the first part the farm situated in Rockland County, New York, being the property hereinbefore first above described, to have and to hold unto said William Winberry his heirs and assigns forever. *Fifth.* That in case of the death of said party of the first part before making the request to convey said farm to his said son William Winberry, leaving his said son him surviving, he will then convey said farm to said William Winberry, to have and to hold unto him his heirs and assigns forever." The 9th paragraph provided for specific substitution in case of the death of any of said children of said party of the first part without leaving lawful issue, and before the conveyance to him or her of the property. The 4th paragraph is out of this discussion, for Winberry died without having made any request in writing as provided therein, intestate, and thereafter McCarthy, as trustee, by deed that referred to the said deed from Winberry to him, conveyed the premises pursuant to the 5th paragraph to the said son, William H. Winberry.

As the deed from Winberry to McCarthy was executed in April, 1895, its force must be determined by the provisions of the Revised Statutes then in effect. (*Freme* v. *Clement,* L. R. 18 Ch. Div. 499; *Murray* v. *Miller,* 178 N. Y. 316.) It is conceded that the trust was not within the express trusts authorized by the statutes. (See *Verdin* v. *Slocum,* 71 N. Y. 345; *Wainwright* v. *Low,* 132 id. 313.) The defendants contend that any authority in McCarthy perforce of the deed was extinguished by the death of Winberry, his grantor.

The plaintiff asserts that McCarthy's said deed to the son was effective.

I am of opinion that the deed created a special power in trust in McCarthy to convey the remainder to William H. Winberry. The grantor created an express trust, but not for a purpose enumerated in the statute that provides for such trusts. But otherwise the trust was not bad. At the termination of the life estate, that must be regarded as in the grantor, the remainder is to be conveyed to the grantor's son. In *Belmont* v. *O'Brien* (12 N. Y. 394, 404), the court say: " The revision of our statutes has made great changes in our law of real property; but the absolute owner of real estate, subject to the statutory provisions, has the entire disposition as before, and may create future estates, limit new uses, charge the estate, &c., himself, or by granting a power." (See, too, *Gilman* v. *Reddington*, 24 N. Y. 15; *Sweeney* v. *Warren*, 127 id. 426.) Washburn on Real Property (6th ed. § 1671) says: " It is no obstacle in the way of executing a power that the estate thereby to be created cannot be immediately enjoyed, or even be a vested estate at the time of the execution." Section 58 of article 2 of title 2 of chapter 1 of part 2 of the Revised Statutes (1 R. S. 729; 4 id. [8th ed.] 2438) provides: "Where an express trust shall be created, for any purpose not enumerated in the preceding sections, no estate shall vest in the trustees; but the trust, if directing or authorising the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions in relation to such powers, contained in the third article of this title." This statute controls. (*New York Dry Dock Co.* v. *Stillman*, 30 N. Y. 174; *Fellows* v. *Heermans*, 4 Lans. 230.) The scheme of the grantor, as to the conveyance of the remainder to his son, is entirely separate and distinct. It bears no relation to the management, control or conservation of the estate during the life of the grantor. Therefore, this case does not present the feature that caused the court in *Heermans* v. *Burt* (78 N. Y. 259, 267) to hesitate over the question whether the instruments in that case created a mere agency for the management of the grantor's estate for his own benefit " or a power in trust valid under the Revised Statutes and therefore irrevocable," and

to leave that question undecided, although the opinion when read with reference to that rendered in *Heermans* v. *Robertson* (64 N. Y. 332) indicates that the court thought that a power had been created.

I am of opinion that this power was not extinguished by the death of the grantor. Referring to the said section 58 (*supra*), the next section, 59, reads: " In every case where the trust shall be valid as a power, the lands to which the trust relates, shall remain in, *or descend to the persons otherwise entitled, subject to the execution of the trust as a power.*" Death of the grantor must precede descent. If such a power was terminated by such death, the lands could not descend " subject to the execution of the trust as a power." In *Cooke* v. *Platt* (98 N. Y. 35) the court, per ANDREWS, J., say: " The attempt of a testator to devise his lands upon an unauthorized trust does not intercept the passing of the legal title to his heirs or ultimate devisees or beneficiaries. The statute to this extent frustrates a testator's intention, but it preserves it so far as to enable the trustees to perform the trust through the medium of a power, as to such acts as he is authorized to perform, and for the performance of which a power could be lawfully created. (1 R. S. 728, §§ 55, 58, 59.)*" It is true that the court was speaking of a devise, but the provisions of the statute (§§ 58, 59) are not limited to devises, and the statement is applicable to any express trust, created for a purpose not enumerated in section 55. A power in trust is irrevocable, unless the authority for revocation is reserved in the instrument. (1 R. S. 735, § 108; *Heermans* v. *Burt, supra.*) If irrevocable, why should it be held revoked by the mere death of the grantor? There is nothing in the nature of a power in trust that limits its life to that of the grantor. And the very terms of this power in trust contemplate its exercise after the death of this grantor. In *Farmers' Loan & Trust Co.* v. *Carroll* (5 Barb. 613, 653) the court say: " A power in trust involves the idea of a trust, as much as a trust estate. In both cases a confidence is

---

* 1 R. S. 728, § 55, as amd. by Laws of 1830, chap. 320, § 10; 1 R. S. 729, §§ 58, 59.—[REP.

implied. The difference is in the mode of effectuating the object." Title in the heirs is not inconsistent with the existence of the power. (*Cussack* v. *Tweedy,* 126 N. Y. 81, 88 *et seq.*) And in that case the court say that the fundamental idea is expressed in the phrase quoted from *Taite* v. *Swinstead* (26 Beav. 525): "The power is * * * unlimited and overrides the whole estate." (*Downing* v. *Marshall,* 23 N. Y. 379, 380; *Booth* v. *Baptist Church,* 126 id. 237–240.) In the latter case the court uses this language, that is, I think, applicable to the power in question: "Here the power is of a very different sort. It is one which makes the supposed estate in the heir both defeasible and conditional; which operates not merely to change the form of the property without touching the ownership, but takes away and destroys the ownership itself; which strips the heir and vests the estate elsewhere. Such a power is vastly more than a mere lien or incumbrance."

For illustration of the principle that a power must be deemed to exist for execution in accord with the terms thereof, see *Bowen* v. *Chase* (94 U. S. 820). (See, too, Fowler Real Prop. [3d ed.] 480, 481.)

*Sulphur Mines Co.* v. *Thompson* (93 Va. 293) presents a thorough and sound discussion of the main question now under consideration (pp. 311, 312, 313). To deny the continuation of a power in trust after the death of the grantor is, in effect, as we have seen, to nullify the provisions of section 59 of the statute.

There is a distinction between a simple power of attorney and a power in trust. Section 134 of the statute makes that distinction: "The provisions of this article shall not extend to a simple power of attorney, to convey lands in the name, and for the benefit, of the owner." (1 R. S. 738, § 134.) The execution of a power may be made by the grantee in his own name. There is an interesting discussion of this distinction even as to naked powers, by Story, J., at Circuit in *Hunt* v. *Rousmanier's Admrs.* (2 Mason, 244), and it is commented upon by Marshall, Ch. J., in the same case (21 U. S. [8 Wheat.] 174). *Hunt* v. *Rousmanier's Admrs.* (*supra*), it must be remembered involved a power of attorney, and it was considered when coupled with an interest and when not. The

distinction, and the reason for the expiry of a power of attorney, is stated in *Farmers' Loan & Trust Co.* v. *Wilson* (139 N. Y. 284, 287). (See, too, *Heermans* v. *Burt, supra,* 267.)

If I am wrong in the view heretofore taken, I think that the right of the son William H. Winberry to the remainder under the deed of his father to McCarthy may be sustained within the doctrine stated by Mr. Chaplin in his work upon Express Trusts and Powers (P. 498) as follows: " And where the trust instrument, instead of creating in terms a power to convey, attempts to grant or devise lands to a trustee in trust to convey (a purpose for which an express trust is not authorized), the lands vest in the persons to whom conveyance is directed, under the statute providing that ' every disposition of real property, whether by deed or by devise, shall be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to another to the use of, or in trust for, such person; and if made to any person to the use of, or in trust for another, no estate or interest, legal or equitable, vests in the trustee. \* \* \*' Real Prop. L., § 73; also *Id.,* § 72\*; *Adams* v. *Perry,* 43 N. Y. 487 (496). Compare, as to the application to remainders, the peculiar case of *Townshend* v. *Frommer,* 125 N. Y. 446 (462 *et seq.* 467) which, if intended to convey the idea that a mere power to convey a future estate which, apart from the power, would be vested in interest pending the precedent estate, has any operation to render the same contingent, is certainly inconsistent with a long and otherwise unbroken line of prior and subsequent authorities, and is to be disregarded. See *Campbell* v. *Stokes,* 142 N. Y. 23 (30); *Levy* v. *Levy,* 79 Hun, 290; see Real. Prop. L., § 31\*." The Revised Statutes contained provisions similar to those quoted as in the Real Property Law. (See *Adams* v. *Perry,* 43 N. Y. 496.)

The judgment is affirmed, with costs.

STAPLETON, RICH and BLACKMAR, JJ., concurred; THOMAS, J., concurred upon the second ground stated in the opinion.

Judgment affirmed, with costs.

---

\*See Gen. Laws, chap. 46 (Laws of 1896, chap. 547), §§ 31, 72, 73; now Consol. Laws, chap. 50 (Laws of 1909, chap. 52), §§ 41, 92, 93.— [REP.