ISAAC H. CARY, as Substituted Trustee, Etc., Plaintiff, *v.* MARY A. CARMAN et al., Defendants.

(Supreme Court, Kings Special Term, September, 1921.)

Trusts — a trust deed speaks as of its date — substituted trustee — accounting — separate trusts administered in solido — a trust deed affecting real property in the state of New York must be determined by the laws of New York — when law of domicile of settlor should control rather than the laws of the situs of the property in determining who are the heirs-at-law of a beneficiary within the meaning of the trust deed.

A trust deed speaks as of its date and must be interpreted solely in the light of conditions then existing.

A deed of trust of property having an actual situs in the state of New York and consisting in part of real estate, directed that, after the payment of expenses, one-half of the income should be paid to the settlor of the trust, one-quarter to each of her two nieces, the daughters of the trustee, during their respective lives, and, at the death of each beneficiary, the trustee was directed to transfer a like proportion of the trust estate to her heirs-at-law. At the time of the execution of the deed all of the parties then in interest resided in Massachusetts. Upon the death of the settlor, who left no husband and no children, but heirs, among whom were the two remaining life beneficiaries under the trust deed, all the trust property, except

a certain piece of real estate, was sold by the consent of all parties in interest, and one-half of the trust estate was thereupon separated and distributed. Thereafter one of the two surviving beneficiaries, who had never married, died a resident of Massachusetts, leaving as her sole heir-at-law her sister to whom one-half of the then trust property was paid, and the remaining half the substituted trustee held for her benefit until she died a resident of New York, leaving no husband and no issue but heirs on the side of both of her parents. In an action by the substituted trustee for the settlement of his accounts and for distribution of the trust estate, *held:*

Although there was no direction to separate the corpus of the trust estate into three parts the deed created three separate trusts, because upon the death of each life beneficiary her proportionate share of the corpus was freed from the trust and became alienable.

The interests of the beneficiaries being separate, although the trust property was to be administered *in solido,* the trust was valid under the statute law of New York and under the common law of Massachusetts, which in the absence of proof to the contrary is presumed to be the same as the common law of New York.

The effect of the trust deed upon real property situated in the state of New York must be determined by its laws, and therefore upon the death of the last beneficiary of the trust the title in fee to the unsold real estate vested at once in her heirs-at-law without any conveyance or other act upon the part of the trustee, and the court is without power to direct the sale thereof, either by the trustee or otherwise, except by consent of all parties.

The persons entitled to take do not take as her heirs or by inheritance from her but as remaindermen under the trust deed, and as purchasers from the grantor therein named, the words "heirs at law" being construed merely as designating the class of persons entitled to take.

The law of Massachusetts, that in the absence of circumstances evidencing a different intent, the law of the domicile of a settlor should control rather than the law of the *situs* of the property or the law of the domicile of the person whose heirs are to take at the time of her death, was applicable in determining who are the heirs-at-law of the last life beneficiary within the meaning of the trust deed, and a contention that only her heirs *ex parte paterna* are entitled to take, is untenable for the reason that the estate never belonged to her.

ACTION to have the accounts of a substituted trustee settled, with direction for the distribution of the trust estate.

William R. Adams, for plaintiff.

Sidney V. Lowell, for defendant Mary A. Carman and another.

Williams, Barker & Wager (Western W. Wager, of counsel), for defendant Horace B. Webster.

Abraham H. Kesselman (Joseph A. Esquirol, of counsel), for defendant Grace C. Powell.

Frederick S. Martyn, for defendant Grace S. Ballou, and others.

BENEDICT, J.    This is an action by a substituted trustee to have an account of his proceedings taken and judicially settled and distribution of the trust estate directed.

The trust was created by Maria M. Cary, by a deed, dated May 22, 1862, to Isaac H. Cary (not the plaintiff), whereby she conveyed to him all the property derived by her from the estate of her deceased brother, William H. Cary, to hold in trust and after payment of expenses to pay one-half of the income to the grantor, one-fourth to Susanna Elizabeth Cary and one-fourth to Eliza Prentice Cary, nieces of the grantor and daughters of the trustee, during their respective lives, and at the death of each beneficiary to convey a like proportion of the trust property to her heirs at law.  Power of sale of the trust property was also vested in the trustee.

At the time of this trust deed, the grantor, or settlor,

30

the trustee, and the two beneficiaries other than the settlor resided in Massachusetts. William H. Cary, the deceased brother of the settlor, had resided in Brooklyn, N. Y., and the property which came into the hands of the trustee under the deed consisted of real property located in New York, and personal property having its actual situs in this state.

The trustee named in the deed of trust accepted the trust and continued to act until his death in Massachusetts on May 22, 1881. Thereafter the plaintiff in this action was appointed substituted trustee by an order of this court dated January 12, 1882.

Maria M. Cary, the settlor and one of the beneficiaries, married one Hastings and thereafter died on August 22, 1887. She left no husband and no children, and her only heirs at law were the plaintiff, the defendants Horace B. Webster, Grace Cary Powell, Mary A. Carman, and Susanna Elizabeth Cary and Eliza C. Farnum (formerly Eliza Prentice Cary), the two remaining life beneficiaries under the trust deed, both since deceased.

After the death of Maria M. Cary Hastings, all the trust property was, by consent of all parties in interest, sold, except the premises 193–201 Fulton street, in the then city of Brooklyn, and one-half of the trust estate was thereupon separated and distributed. The other half, consisting of the said Fulton street premises, and the remaining personalty, the trustee continued to hold and administer for the benefit of the two surviving beneficiaries.

Susanna Elizabeth Cary, one of the beneficiaries, never married and died a resident of Massachusetts, on May 3, 1913, leaving as her only heir at law her sister, said Eliza Prentice Cary Farnum. Thereafter one-half of the then trust property was separated and paid over to Mrs. Farnum, the sole heir at law of Sus-

anna Elizabeth Cary, and the remaining half, consisting of said Fulton street premises, valued at $62,000 and $19,000 in cash, the substituted trustee continued to hold and administer for the benefit of the surviving beneficiary, Eliza Prentice Cary Farnum. She, as already intimated, had become married to one Farnum, and died, a resident of New York, on February 17, 1918, leaving no husband and no issue, her heirs at law being plaintiff and the defendants Mary A. Carman, Horace B. Webster and Grace Cary Powell, heirs on her father's side, and the defendants, Grace S. Ballou, Susie Hidden, H. Cary Pratt, Edwin E. Pratt, Ruth P. Kimball, Annie Gould, Charles N. Pratt, William W. Burr, Alice May Fisher, Carrie Dorr, Grace N. Whiting, Katherine Lee, Bernard W. Lee, Clifton Lee and Alice T. Tabor, heirs on her mother's side.

In the meantime, after the death of Maria M. Cary Hastings and prior to the death of Susanna Elizabeth Cary, certain improvements of a permanent nature had been made in the said Fulton street premises, which was then subject to a mortgage of $12,000. Apparently some of the personalty and perhaps some of the income was used for this purpose.

The trustee raises a question as to the validity of the trust deed, on the ground that it may have created an unlawful perpetuity. There can be no question but that the trust deed created three separate trusts, one for each life beneficiary, each to continue for only one life in being. This is true, although there was no direction to separate the corpus into three parts, because upon the death of each beneficiary her proportionate share of the corpus was freed from the trust, and became alienable. So that the interests of the beneficiaries were separate, although the trust property was to be administered *in solido*. *Vander-*

*poel* v. *Loew,* 112 N. Y. 167; *Locke* v. *Farmers'
Loan & Trust Co.,* 140 id. 135, 143–145; *Matter of
Colegrove,* 221 id. 455. The trust was, therefore, valid
under the statute law of this state, and under the com-
mon law of Massachusetts, presumed, in the absence
of proof to the contrary, to be the same as the com-
mon law of this state.

The question of the effect of the trust deed upon
real property situated in this state must, of course,
be determined by the laws of this state. The result
is that upon the death of Mrs. Farnum the trust ter-
minated as to the Fulton street premises, and title
in fee at once vested in her heirs at law, without any
conveyance or other act on the part of the trustee.
Real Prop. Law, §§ 92, 93, 109; *Watkins* v. *Reynolds,*
123 N. Y. 211; *Townshend* v. *Frommer,* 125 id. 446,
461; *Cutler* v. *Winberry,* 179 App. Div. 221, 227. Such
title vested either absolutely, or subject to the exer-
cise of the power of sale contained in the trust deed,
if such power survived the termination of the trust on
the death of Mrs. Farnum. See *Cussack* v. *Tweedy,*
126 N. Y. 81. It is unnecessary to determine whether
the power survived; for it has not been executed, and
being discretionary, its execution cannot be compelled.
It follows that the court cannot in this action direct
a sale of the real property, either by the trustee or
otherwise, except by consent of all the parties. It is
believed, however, that the court can in this action
determine in whom and in what proportions title to
the real property has become vested, both because the
parties have requested that the court determine that
question, and because its determination is necessary
as an incident to the distribution of the rents which
the trustee has collected since the death of Mrs.
Farnum.

If the parties having an interest in the real estate

in order to save the expense of a partition suit wish to have the property sold and distribution of the proceeds made under the direction of the court, the court will direct such sale, on the submission of a consent of all such parties in writing, duly acknowledged. The consent said to have been given on the trial is not sufficient for this purpose.

The next and most important question is who constitute the " heirs at law " of Eliza Prentice Cary Farnum. It is, of course, well settled, and I think all parties agree, that the persons entitled to take do not take as heirs of Mrs. Farnum or by inheritance from her, but that they take as remaindermen under the trust deed and as purchasers from the grantor therein named, the words " heirs at law " being construed merely as designating the class of persons entitled to take. Such being the case it is not so much a question of conflict of laws as it is a question of construction and interpretation, whether the law of Massachusetts, as is contended by some of the parties, or the law of New York, as is contended by others, should be applied in determining who are the members of the class. There being nothing in the trust deed to indicate a contrary intention, the term " heirs at law " should be construed in its ordinary sense to mean those who, at the time of the death of Mrs. Farnum, would have been entitled to succeed to her real property if she had died intestate. This brings us, however, little if any nearer the solution of the question, because of the difference between the law of Massachusetts and the law of New York, and the difficulty of determining which law the settlor intended. Some of the defendants who claim to take in remainder under the trust deed by reason of being heirs of Mrs. Farnum are first cousins, and others second cousins, children of deceased first cousins. Under the law of

Massachusetts only the first cousins would take. If, however, the law of New York be applicable, then the second cousins will share in the property.

Upon the question of construction thus presented the authorities are not entirely in accord. No case in this state precisely in point has been found. In Massachusetts the authorities favor the contention that, in the absence of circumstances evidencing a different intent, the law of the domicile of the testator or settlor should control, rather than the law of the situs of the property, or the law of the place of domicile, at the time of death, of the person whose heirs are to take; because the testator or settlor is probably more familiar with the laws of his domicile than with those of any other place, and hence may properly be considered, in using the term " heirs at law," to have had such law in view (*Lincoln* v. *Perry,* 149 Mass. 368; *Codman* v. *Krell,* 152 id. 214; *Proctor* v. *Clark,* 154 id. 45; *Brandeis* v. *Atkins,* 204 id. 471), and a similar rule has been recognized in Georgia. *Guerard* v. *Guerard,* 73 Ga. 506; *Brown* v. *Ransey,* 74 id. 210. On the other hand the contrary doctrine has been held in Alabama, where the law of the domicile of the person whose heirs were to take at the time of the death of such person was held to control. *Price* v. *Tally's Adm'rs.,* 10 Ala. 946. The weight of authority, therefore, favors the contention that the law of Massachusetts should control in the present case. The settlement having been made by deed *inter vivos* and not by will, the instrument must be deemed to speak as of the time of its date, and be interpreted by conditions existing at that date, and subsequent events can have no bearing in its interpretation. At that time the settlor, the trustee and the two life beneficiaries, other than the settlor herself, were all domiciled in Massachusetts. I think it would be indulging too violent a presump-

tion to conclude that because the trust property then had its actual situs in New York, and consisted in part of real estate, the settlor intended the term " heirs at law " to be construed according to the laws of this state. I hold, therefore, that the law of Massachusetts should be applied in determining who are the heirs at law of Mrs. Farnum within the meaning of the trust deed. There is nothing in the trust deed to indicate any intention that different rules should be applied to personal and real property in determining the ultimate remaindermen.

There is no basis for the contention that only the heirs of Mrs. Farnum, *ex parte paterna,* are entitled to take under the trust deed. If the settlor had so intended she could easily have said so. The estate never belonged to Mrs. Farnum, and the remaindermen do not take by inheritance from her.

Let the plaintiff submit a decision and interlocutory judgment in accordance with this opinion, giving notice of settlement. On the return day of the notice of settlement, any party may submit requests to find.

Judgment accordingly.