RUTHERFURD v. AMERICAN SECURITY & TRUST CO. et al.

(Court of Appeals of District of Columbia. Submitted February 3, 1926. Decided April 5, 1926.)

No. 4307.

1. Courts ⟨⟩18—Court of District of Columbia of testatrix's domicile, where will was made, probated, and being administered, held to have jurisdiction to construe will as affecting realty in another state.

Courts of District of Columbia, which was testatrix's domicile and place where will was made and probated, and where trust created therein was being administered, *held* to have jurisdiction to construe will as affecting realty in New York.

**2. Wills ⬳555(3)—Will providing that trust share of any child predeceasing testatrix should be held in trust for issue of such child "per stirpes and not per capita" held to evidence intent to restrict disposition of estate to lineal descendants, and hence to brothers and sisters of grandson to exclusion of their father.**

Where will evidenced intent of testatrix to restrict the objects of her bounty to lineal descendants, and created trust in favor of each of her children, with provision that, should any of such children predecease her leaving issue, "the share which would have been so held in trust for such child shall be held in trust for such issue in equal shares, but per stirpes and not per capita," *held*, on death of grandson of testatrix, son of a deceased daughter, brothers and sisters of such grandson were entitled to his share of the trust estate to the exclusion of his father.

**3. Wills ⬳439.**

A testator's intent is controlling factor in interpretation of will.

Appeal from the Supreme Court of the District of Columbia.

Suit by the American Security & Trust Company, executor and trustee under the last will and testament of Anna Livingston Morton, and others, against Winthrop C. Rutherfurd, for construction of will and instructions to trustee. From the decree rendered, defendant appeals. Affirmed.

W. B. Howe and C. H. Bradley, both of Washington, D. C., for appellant.

F. D. McKenney, J. S. Flannery, and F. L. Neubeck, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is an appeal from a decree in the Supreme Court of the District, construing the will of Anna Livingston Morton and instructing the trustee under that will, the American Security & Trust Company, hereinafter called the trustee, that the testatrix intended the one twenty-fourth share of the estate, the beneficial life interest in which vested under the will in Lewis Morton Rutherfurd, should vest in his brothers and sister at his death without issue, to the exclusion of his father, the appellant.

The testatrix, Mrs. Morton, when she made her will on January 15, 1916, and at the time of her decease on August 14, 1918, was domiciled in the District of Columbia, where the will was probated. She left surviving her her husband, Levi P. Morton, three daughters, and the six children of a deceased daughter. Subsequently one of those children, Lewis Morton Rutherfurd (already mentioned), deceased without issue, and this litigation involves the one twenty-fourth share in the estate as to which he was given a life interest. The controversy having arisen, the trust company, as trustee, filed its bill in the court below for a construction of the will.

In appellant's answer he admitted that he was entitled to no interest in the District of Columbia realty, but claimed personal property as to which the son had a life interest, and a life interest in the New York realty. The answer did not challenge the jurisdiction of the court. The surviving brothers and sister of Lewis Morton Rutherfurd, all being minors, filed an answer by their guardian ad litem, in which claim was made to that portion of the estate involved in the provision for their deceased brother.

In her will the testatrix declared herself "of the city of Washington in the District of Columbia," and appointed the American Security & Trust Company, of this city and District, as the sole executor of her will and the sole trustee under the trusts created thereunder. In the third paragraph of the will her husband, Levi P. Morton, was given a life interest in the residence in the District of Columbia and in her summer residence at Rhinecliff, N. Y., and in certain personal property. Upon his death, or at the death of the testatrix, should he not survive her, this real estate and personal property was to become part of the residuary estate of the testatrix. The fourth paragraph of the will reads in part as follows:

"Fourth. All the rest, residue and remainder of my estate, real and personal, of every kind and description and wheresoever situated, including the portion which is to become part of my residuary estate by the third clause of my will, and excepting only such property as I may hereafter otherwise dispose of by any codicil to my will, I give, devise and bequeath to my said executor, in trust, to hold the same in as many equal shares as I may leave children surviving me, one of which shares is to be held in trust for each child, provided, however, if any of my children should predecease me, leaving issue surviving me, the share which would have been so held in trust for such child shall be held in trust for such issue, in equal shares, but per stirpes and not per capita. * * *

"Each trust share set apart for a child of mine who may survive me I direct my said trustee to hold in trust for such child during

her lifetime and invest and reinvest the same as hereinafter provided, and to pay and apply the entire net rents and income of said share to the sole and separate use of such child during her natural life against her individual receipt and free from the control of any husband, including the net rents and income that may have accrued, from the date of my death, from any property comprising said share as finally constituted; and upon the death of such child, I give, devise and bequeath her said share, to be equally divided among her issue, if any, living at her death, in equal shares, per stirpes and not per capita, and in default of such issue, to and among her heirs at law and next of kin, to be equally divided among them, per stirpes and not per capita, subject, however, to the execution of my said child of the following powers hereby conferred upon her:

"(1) I authorize and empower each of my children, during her lifetime, with the approval of my said trustee, to advance and pay out of the principal of the share so held in trust for her to any one or more of her children, for the purpose of establishing such child or children in business or for such other purpose as she may deem proper, such sum or sums as she may determine, the advancements so made to any one child not to exceed, in the aggregate, one half of the principal of the share to which such child would be entitled if my said daughter were deemed to have died immediately after the last advancement to made.

"(2) I also authorize and empower each of my children, who may leave a husband and issue surviving her, by her last will and testament, to appoint an annuity in favour of such husband to continue during his lifetime or until his remarriage as the case may be, for such amount as she may fix not exceeding one-third of the amount of the net income accruing at the time of her death from the shares hereinbefore devised and bequeathed to her issue, which annuity shall be payable by my executor only out of the income accruing from personal property then comprised in the said shares and shall not be chargeable upon any real property then comprised therein.

"(3) I also authorize and empower each of my said children to direct by her last will and testament that the share or part of the share of any one or more of her issue in being at the time of my death shall be held under any lawful trust, and upon what terms and conditions it shall be so held, and what

disposition shall be made of the principal thereof upon the termination of such trust.

"(4) I also authorize and empower each of my said children, who may leave no issue surviving her, by her last will and testament to dispose of one-half of the principal of her said share remaining at her death, as she may desire, the remaining half of said share to go to her heirs at law and next of kin, as hereinbefore provided.

"If any of my children should predecease me, leaving issue surviving me, the shares to be set apart for each of such issue as hereinbefore provided shall be held in trust by my said trustee for each of such issue during his or her life in like manner as in the case of my said children who may survive me, with like disposition of the principal of said shares after the death of each of such issue and with like powers to each of such issue as are hereinbefore conferred on my said children, excepting that powers which may be executed by my said children in favor of surviving husbands may be executed by each of such issue in favor of a surviving husband or wife, as the case may be, and the amount of any annuity that may be appointed in favor of a surviving wife shall not be limited to one-third, but may equal but not exceed one-half, of the net income accruing at the time of her husband's death from the shares hereinbefore devised and bequeathed to their issue."

Subsequent to the death of Levi P. Morton, on May 16, 1920, the trustee sold the two parcels of real estate in which he had been given a life interest. It is conceded here, as below, that an equitable conversion into personalty was not effected by the sale of this real estate, and hence that it still retains its character as realty.

The court below, after an analysis of the will, ruled that it evinced an intent on the part of the testatrix to provide "a complete scheme of disposition of her entire estate, both real and personal, to her lineal descendants; in other words, a scheme designed to keep her entire estate, as far as practicable, in the hands of those of her own blood." Accordingly, the court ruled that the usual technical meaning of the words "next of kin" must yield to the meaning evidently intended by the testatrix.

[1] It now is insisted that the court below was without jurisdiction to determine the person or persons entitled, upon the death of Lewis Morton Rutherfurd, to so much of the undivided one twenty-fourth share of the to-

tal residuary estate as consisted of real estate in the state of New York, "because only the courts of New York have jurisdiction thereof." This contention must be rejected. We are not here concerned with the statutes of descent of the state of New York, our inquiry being directed to an interpretation of a District of Columbia will creating trusts, as to which a controversy has arisen. The only courts clothed with jurisdiction to instruct the trustee, or to construe the controverted provisions of the will, are the courts of this District, the domicile of the testatrix and the place where the will was made and probated and the trust is being administered. It is the settled rule that in such a situation the testatrix is presumed to have had the laws of her domicile in mind, and hence that those laws are to guide the court in its interpretation of her will.

Greenleaf, at section 671 (Greenleaf on Evidence, vol. 2), says: "In the interpretation of wills, whether of movable or immovable property, where the object is merely to ascertain the meaning and intent of the testator, if the will is made at the place of his domicile, the general rule of the common law is, that it is to be interpreted by the law of that place at the time when the will was made."

In Keith v. Eaton, 58 Kan. 737, 51 P. 271, the testator, a resident of Missouri and owning lands in that and other states, devised them to the "heirs of the body" of his son. The court ruled that the descriptive words should be considered in accordance with the law of his domicile, without reference to the various states where the lands were situated. After citing various authorities, the court said: "The rule of the cases cited does not give extraterritorial effect to the laws of a foreign jurisdiction; it gives effect only to the intention of the testator."

In Lincoln v. Perry, 149 Mass. 368, 21 N. E. 671, 4 L. R. A. 215, the testator, a resident of Massachusetts, left one-fourth of his residuary estate, including real estate in New Hampshire, to his brother's wife for her life, and upon her death "to her heirs at law and their assigns forever." The court rejected the contention that the laws of New Hampshire should govern as to the real estate in that state, saying: "But the question after all is: What is the meaning of the testator's words? And we are brought to the conclusion that the true meaning is, to designate a set of persons who were to take the estate upon Judith's death, and that those persons are styled her heirs at law. * * * The as-

certainment of the persons who were to take under the description of the heirs at law of Judith Perry did not depend upon the circumstance of where land of the testator embraced within the residuary clause might be situated."

To the same effect are Cary v. Carman, 116 Misc. Rep. 463, 190 N. Y. S. 193, and Rose v. Rambo, 120 Miss. 305, 82 So. 149.

Should the present contention of appellant be accepted, it might result that this will would be given one interpretation as to the New York property and another as to the property in the District of Columbia. "The possibility of such contrariety of construction and varying effect," said the court in Keith v. Eaton, 58 Kan. 738, 51 P. 271, "furnishes the reason for giving over to the law of a testator's domicile the interpretation of his will, unless to do so contravenes the law of the place where the will is probated."

[2] The question therefore is: What was the intent of the testatrix with respect to the disposition of this one twenty-fourth share of her estate upon the death of this grandson?

Under the fourth paragraph of the will, the estate is to be held by the trustee in as many equal shares as there may be surviving children, such shares "to be held in trust for each child, provided, however, if any of my children should predecease me, leaving issue surviving me, the share which would have been so held in trust for such child shall be held in trust for such issue, in equal shares, but per stirpes and not per capita." It will be observed that this provision as to grandchildren is conditional upon their survival of the testatrix.

This paragraph further provides that the net rents and income from each trust share shall be for the "sole and separate use" of the beneficiary or beneficiaries. Upon the death of any child, "her said share, to be equally divided among her issue, if any, living at her death, in equal shares, per stirpes and not per capita, and in default of such issue, to and among her heirs at law and next of kin, to be equally divided among them, per stirpes and not per capita," subject to the execution of powers presently to be mentioned.

It is then provided that each daughter of the testatrix, with the approval of the trustee, may make certain advances out of the principal of her trust share for the benefit of her child or children, or the grandchildren of the testatrix. Authorization also is given

each daughter "who may leave a husband *and issue* surviving her, by her last will and testament, to appoint an annuity in favor of such husband to continue during his lifetime or until his remarriage," the amount not to exceed one-third of the net income accruing on the share of the daughter at the time of her death. It will be noted that the power of a daughter to appoint an annuity in favor of a surviving husband is made to depend upon surviving issue of the daughter.

Provision also is made to the effect that a daughter leaving no issue surviving her may dispose, by last will and testament, of one-half of the principal of her share remaining at her death, "the remaining half of said share to go to her heirs at law and next of kin, as hereinbefore provided."

The concluding provision of the fourth paragraph directs that if any child who has predeceased the testatrix leaves issue surviving the testatrix, the share to be set apart for each of such issue as theretofore provided shall be held in trust "for each of such issue during his or her life in like manner as in the case of my said children who may survive me, with like disposition of the principal of said shares after the death of each of such issue and with like powers to each of such issue as are hereinbefore conferred on my said children," excepting that the power to appoint an annuity in favor of the surviving wife of a grandson "shall not be limited to one-third, but may equal but not exceed one-half, of the net income accruing at the time of her husband's death from the shares hereinbefore devised and bequeathed to their issue." This last provision is significant only as indicating greater consideration on the part of the testatrix for the widow of a deceased grandson than for the surviving husband of a daughter or granddaughter.

[3] It is conceded in appellant's brief, as in the argument of counsel, "that a testator's intention is the controlling factor in the interpretation of wills, and that the whole will must be searched to find such intention." This is but a recognition of the rule controlling the courts. Colton v. Colton, 127 U. S. 300, 8 S. Ct. 1164, 32 L. Ed. 138; Adams v. Cowan, 177 U. S. 471, 20 S. Ct. 668, 44 L. Ed. 851, and Gibson v. Gibson, 53 App. D. C. 380, 292 F. 657. Appellant insists, however, that there is nothing in this will indicating an intent on the part of the testatrix to limit the meaning of the terms "heirs at law and next of kin" to the lineal descendants of the testatrix, to the exclusion of appellant. But, in our view, a reading of the will as a whole irresistibly leads to the conclusion that the testatrix intended to restrict the objects of her bounty, as to both real and personal property, to her lineal descendants, except as otherwise expressly provided; and, if we are correct in this conclusion, the terms "heirs at law and next of kin" must be given such an interpretation as to effectuate the expressed intent of the testatrix.

Under the will, as we have seen, if a daughter died leaving a husband *and issue,* the utmost benefit such daughter might confer upon her surviving husband was an annuity during his lifetime or until his remarriage, in an amount not exceeding one-third of the net income accruing on the daughter's share at the date of her death, and if a daughter died without issue, she was empowered, by last will and testament, to dispose of only one-half of her share. Yet it is the contention of appellant that, if a daughter died leaving issue, but no will, her surviving husband would take all the personalty in the District of Columbia and an interest in the New York realty, and, if she died without issue, the surviving husband would take all. Such a result, in our view, is utterly inconsistent with the general scheme of the will and not per capita," under appellant's conpress provisions is that relating to the contingency of a grandchild, here represented by Lewis Morton Rutherfurd, dying intestate and without issue. In that event, the share in which such grandchild has a life interest is to be equally divided among his or her "heirs at law and next of kin, to be equally divided among them, per stirpes and not per capita." In view of the impossibility of making such a division "per stirpes and its express provisions. Among such extention, there is no escape from the conclusion that the testatrix had in mind that the beneficiaries of the division should be her lineal descendants and not the surviving father of the grandchild. Accordingly, and without directing attention to other provisions of the will indicating the same intent, we rule that the conclusion reached by the court below was right, and affirm the decree, with costs.

Affirmed.